# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br>6218 Georgia Avenue, NW, Ste. 1-1235<br>Washington, DC  20011-5125,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY<br>2707 Martin Luther King Jr. Avenue, S.E.<br>Washington, DC 20528-0525,<br><br>U.S. CUSTOMS AND BORDER PROTECTION<br>Office of Chief Counsel<br>1300 Pennsylvania Avenue, Suite 4.4-B<br>Washington, DC  20229<br><br>and<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT<br>500 12th St., S.W.<br>Washington, DC 20024,<br><br>    Defendants. | Civil Action No. 24-2313 |

## **COMPLAINT**

Plaintiff Functional Government Initiative ("FGI") brings this action against Defendants United States Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE"), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff FGI is nonprofit corporation, exempt from federal income taxes under section 501(c)(3) of the U.S. Internal Revenue Code. FGI is dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government.

4. Defendant U.S. Department of Homeland Security is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 2707 Martin Luther King Jr. Avenue, S.E., Washington, DC 20528-0525. DHS is the parent agency of CBP and ICE. Defendant DHS has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant U.S. Customs and Border Protection is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1300 Pennsylvania Avenue, Washington, DC 20229. Defendant CBP has possession, custody, and control of records to which Plaintiff seeks access.

6. Defendant U.S. Immigration and Customs Enforcement is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 500 12th Street, S.W., Washington, DC 20024. Defendant ICE has possession, custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

7. FGI routinely submits FOIA requests, and this matter concerns five FOIA requests submitted to Defendants, to which Defendants have failed to respond. The requests seek records related under the purview of the agencies and would give the public significantly more transparency into the work the agency is doing.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendants are required to respond to FGI's FOIA requests within 20 working days of each request, but that deadline is extended to no more than 10 working days if there are "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii).

9. Attorney General Merrick Garland stated that the FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government," and that the "'basic purpose … is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the government accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* at 1 (Mar. 15, 2022).

10. With regards to FGI's FOIA requests, the statutory deadline has passed, and Defendants have failed to provide a substantive response to the FOIA requests. In fact, as of the date of this Complaint, Defendants have produced no records and have failed to assert any claims that responsive records are exempt from production.

11. Since Defendants have failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), FGI is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

A. **FGI'S SEPTEMBER 1, 2023 FOIA REQUEST TO DHS FOR RECORDS RELATED TO MIGRANT WRISTBANDS.**

12. On September 1, 2023, FGI submitted a FOIA request online to Defendant DHS. *See* Exhibit A. The request relates to wristbands and other items that Mexican cartels use to track migrants. The request sought such records from the following custodians:

- Secretary, Alejandro Mayorkas
- Former Deputy Secretary, John Tien
- Deputy Secretary (Acting) / Chief of Staff, Kristie Canegallo
- Chief of Staff, Jonathan Davidson
- General Counsel, Jonathan E. Meyer
- Assistant Secretary for Public Affairs, Marsha Espinosa

The time period covered by the FOIA request was from August 30, 2022 to the date of the search.

13. In a letter dated November 15, 2023, Defendant DHS acknowledged receipt of the FOIA request and advised FGI that it had assigned the request tracking number 2023-HQFO-02194. *See* Exhibit B.

14. As of the date of this Complaint, Defendant DHS has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

B. **FGI'S SEPTEMBER 1, 2023 FOIA REQUEST TO CBP FOR RECORDS RELATED TO MIGRANT WRISTBANDS.**

15. On September 1, 2023, FGI submitted a FOIA request online to Defendant CBP. *See* Exhibit C. The request relates to wristbands and other items that Mexican cartels use to track migrants. The request sought such records from the following custodians:

- Former Commissioner, Chris Magnus
- Acting Commissioner, Troy Miller
- Executive Director of the Office of Intergovernmental Public Liaison, Tim Quinn
- Assistant Commissioner, Erin Waters
- Chief of Border Patrol, Jason Owens

- Former Chief of Border Patrol, Raul Ortiz

The time period covered by the FOIA request was from August 30, 2022 to the date of the search.

16. FGI has no record that CBP acknowledged its FOIA request, but CBP's FOIA web portal indicates that the request was assigned tracking number CBP-FO-2023-132861. *See* Exhibit D.

17. As of the date of this Complaint, Defendant CBP has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

C. **FGI'S SEPTEMBER 1, 2023 FOIA REQUEST TO ICE FOR RECORDS RELATED TO MIGRANT WRISTBANDS.**

18. On September 1, 2023, FGI submitted a FOIA request online to Defendant ICE. *See* Exhibit E. The request relates to wristbands and other items that Mexican cartels use to track migrants. The request sought such records from the following custodians:

- Acting Director, Patrick J. Lechleitner
- Acting Deputy Director, Staci A. Barrera
- Acting Chief of Staff, Deborah Fleischaker
- Executive Associate Director of Homeland Security Investigations, Katrina W. Berger
- Former Director, Tae Johnson

The time period covered by the FOIA request was from August 30, 2022 to the date of the search.

19. In a letter dated October 26, 2023, Defendant ICE acknowledged receipt of the FOIA request and advised FGI that it had assigned the request tracking number 2023-ICFO-03615. *See* Exhibit F.

20. As of the date of this Complaint, Defendant ICE has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

### D. FGI'S DECEMBER 19, 2023 FOIA REQUEST TO DHS FOR RECORDS RELATED TO ILLEGAL TOBACCO AND VAPE PRODUCTS.

21. On December 19, 2023, FGI submitted a FOIA request online to Defendant DHS. *See* Exhibit G. The request is for records relating to illegal tobacco and vape products. The request sought such records from the following custodians:

- Secretary, Alejandro Mayorkas
- Acting Deputy Secretary, John Tien
- Chief of Staff, Marie Chalkley (acting)
- General Counsel, Jonathan E. Meyer
- Assistant Secretary for Public Affairs, Marsha Espinosa
- Under Secretary, Robert Silvers, Office of Strategy, Policy, and Plans
- Deputy Under Secretary, Kelli Ann Burriesci, Office of Strategy, Policy, and Plans
- Assistant Secretary, Border and Immigration Policy, Blas Nuñez-Neto (acting), Office of Strategy, Policy, and Plans

The time period covered by the FOIA request was from January 1, 2023 to the date of the search.

22. In a letter dated December 28, 2023, Defendant DHS acknowledged receipt of the FOIA request and advised FGI that it had assigned the request tracking number 2024-HQFO-00460. *See* Exhibit H.

23. As of the date of this Complaint, Defendant DHS has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

### E.     FGI'S DECEMBER 19, 2023 FOIA REQUEST TO ICE FOR RECORDS RELATED TO ILLEGAL TOBACCO AND VAPE PRODUCTS.

24.     On December 19, 2023, FGI submitted a FOIA request online to Defendant ICE. *See* Exhibit I.  The request is for records relating to illegal tobacco and vape products.  The request sought such records from the following custodians:

- Acting Director, Patrick J. Lechleitner
- Acting Deputy Director, Staci A. Barrera
- Former Acting Chief of Staff, Deborah Fleischaker
- Chief of Staff, Michael D. Lumpkin
- Executive Associate Director of Homeland Security Investigations, Katrina W. Berger
- Former Director, Tae Johnson

The time period covered by the FOIA request was from January 1, 2023 to the date of the search.

25.     In an email dated January 3, 2024, Defendant ICE acknowledged receipt of the FOIA request and advised FGI that it had assigned the request tracking number 2024-ICFO-10841.  *See* Exhibit J.

26.     As of the date of this Complaint, Defendant ICE has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

27.     Plaintiff realleges paragraphs 1 through 26 as though fully set forth herein.

28.     Defendants have failed to make a determination regarding FGI's FOIA requests for records within the statutory time limit and is unlawfully withholding records requested by FGI pursuant to 5 U.S.C. § 552.

29. FGI is being irreparably harmed by reason of Defendants' unlawful withholding of requested records, and FGI will continue to be irreparably harmed unless Defendants are compelled to conform its conduct to the requirements of the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Functional Government Initiative requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendants to conduct a search for any and all records responsive to FGI's FOIA requests and to demonstrate that they employed search methods reasonably likely to lead to the discovery of all records responsive to FGI's requests;

b. An order and judgment requiring the Defendants to produce, by a date certain, any and all non-exempt records responsive to FGI's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendants from continuing to withhold any and all non-exempt records in this case that are responsive to FGI's FOIA requests;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

    */s/ Jeremiah L. Morgan*
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615

Dated: August 7, 2024

703-356-5070 (telephone)
703-356-5085 (fax)
jmorgan@lawandfreedom.com
*Counsel for Plaintiff*
FUNCTIONAL GOVERNMENT INITIATIVE